PEOPLE v BERTSCHINGER

Docket No. 77-2340. Submitted March 13, 1978, at Detroit.—Decided June 20, 1978.

Lawrence J. Bertschinger was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit larceny, Macomb Circuit Court, Hunter D. Stair, J. Defendant was brought before the court for sentencing, along with his brother who also had been charged in the original information and who also had pled guilty to a negotiated plea. Both were given sentences of from 5 to 15 years in prison. Defendant appeals claiming that the trial court improperly imposed sentences on both the defendant and his brother by addressing them jointly rather than individually. *Held:*

There was no prejudicial or reversible error in imposing sentence in the combined proceeding rather than individually.

Affirmed.

1. CRIMINAL LAW—SENTENCES—DEFENDANT'S BACKGROUND—REHABIL-ITATIVE POTENTIAL.

A sentence should be structured in relation to a defendant's unique background and rehabilitative potential.

2. CRIMINAL LAW—SENTENCES—JOINT SENTENCING PROCEEDING.

A sentencing court's procedure of addressing a defendant, who had pled guilty at one hearing, and his brother, who had pled guilty at another hearing, at a joint sentencing session was not prejudicial to the defendant where both had been charged in the original information and each separately and represented by independent counsel had pled guilty to negotiated pleas.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Ap-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 585.
[2] 21 Am Jur 2d, Criminal Law §§ 533, 588.

pellate Lawyer, and *Joseph G. Wetzel,* Assistant Prosecuting Attorney, for the people.

*Goldstein, Raznick & Katz, P. C.,* for defendant on appeal.

Before: R. M. MAHER, P. J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant Lawrence James Bertschinger appeals the guilty plea entered in Macomb County Circuit Court on April 6, 1977, to a charge of breaking and entering an occupied dwelling with intent to commit larceny, contrary to MCLA 750.110; MSA 28.305. The plea negotiated between defendant and the prosecutor involved setting the minimum sentence at 5 years and the maximum sentence at 15 years. Defendant was brought before the court for sentencing with his younger brother Timothy Daniel Bertschinger, who had been jointly charged in the original information and who had also pled guilty to a negotiated plea. Both brothers were separately represented by independent counsel. Separate presentencing reports had been compiled and given to the court. Both defendants were given sentences of from 5 to 15 years in prison. Defendant Lawrence Bertschinger appeals as of right. GCR 1963, 806.1.

Upon a careful examination of the record, we find no prejudicial or reversible error in reviewing defendant's claim that the trial court improperly imposed sentences on both defendant and his younger brother jointly in a combined sentencing proceeding rather than individually.

We realize that the sentence itself should be structured in relation to the defendant's unique background and rehabilitative potential. *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504

(1973), *People v Snow,* 386 Mich 586, 594; 194 NW2d 314 (1972). However, in this case we are not asked to review the trial court's actual determination of sentence, only the form in which that sentence was pronounced. Given the criminal histories of the two brothers, we find the court's procedure of addressing them jointly natural and find no prejudice to defendant in the way his sentence was pronounced. Though we find no Michigan authority directly on point, other states have confronted and resolved this question in much the same way we do now. See *State v Levice,* 59 Ariz 472; 130 P2d 53 (1942). In short, we find no reversible error.

Affirmed.